[Cite as *In re H.T.*, 2012-Ohio-1285.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| H.T.<br>H.T.<br>C.H. | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| | Case No. 11CA000039 |
| ALLEGED DEPENDENT CHILDREN | |
| | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Guernsey County Court of Common Pleas, Juvenile Court, Case No. 11 JC 314 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 20, 2012 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellant, Mother | For Matt Jeffrey |
| MELISSA M. WILSON<br>1009 Steubenville Avenue<br>Cambridge, Ohio 43725 | DAVID TROUTEN<br>185 W. Main Street<br>St. Clairsville, Ohio 43950 |
| For Appellee, GCCS | For Carl Hoopengarner |
| AMY WOOTEN<br>Assistant Prosecuting Attorney<br>139 W. 8th Street<br>Cambridge, Ohio 43725 | RONALD COUCH<br>121 West 8th Street<br>Cambridge, Ohio 43725 |
| For Jonathan Bales | For Barbara Simmons |
| CHARLES MCKNIGHT<br>121 West 8th Street<br>Cambridge, Ohio 43725 | COLE GERSTNER<br>P.O. Box 190<br>Zanesville, Ohio 43702 |
| Guardian Ad Litem | For B. & K. Thompson |
| WILLIAM NICHOLSON<br>217 N. 8th Street<br>Cambridge, Ohio 43725 | VINCENT RUSSO<br>P.O. Box 970<br>Zanesville, Ohio 43702 |

*Hoffman, P.J.*

{¶1}  Appellant Amy Thompson ("Mother") appeals the November 7, 2011 Judgemnt [sic] Entry entered by the Guernsey County Court of  Common Pleas, Juvenile Division, which terminated her parental rights, privileges and responsibilities with respect to her three minor children, and granted permanent custody of the children to Appellee Guernsey County Children Services Board ("CSB").

STATEMENT OF THE FACTS AND CASE

{¶2}  Mother is the biological mother of daughter HT (dob 9/13/05), son HT (dob 2/7/07), and son CH (dob 10/8/08).[1]   CSB has been involved with the family since September, 2007.  On June 17, 2011, CSB filed a complaint, alleging the children to be dependent, and seeking temporary custody of the children. After an emergency shelter care hearing, the trial court placed the children in the temporary custody of CSB.

{¶3}  Kenneth and Rebecca Thompson, Mother's father and stepmother, filed a motion requesting legal custody of the children, and a motion requesting visitation during the pendency of the matter. Barbara Simmons, paternal grandmother of daughter HT, filed a motion seeking legal custody of the girl.

{¶4}  Following a hearing on September 29, 2011, the trial court adjudicated the children to be dependent.  The trial court immediately proceeded to a dispositional hearing.

{¶5}  The testimony revealed Mother has a lengthy history of alcohol abuse.  In 2007, Alcohol and Drug Services of Guernsey County ("ADS") determined Mother met the criteria for alcohol dependence.  Mother was admitted to the ADS out-patient

---

[1] The fathers of the children did not participate below and are not parties to this Appeal.

program in December, 2007.  Mother was discharged in January, 2009, after performing well and successfully completing the program.  However, Mother soon relapsed, leaving the children unattended and testing positive for illicit drugs.

{¶6}  On September 4, 2009, Mother began her second admission to the ADS program.  Mother failed to attend twenty out of forty-one scheduled appointments.  ADS referred Mother to an in-patient program.  Mother did well and was discharged to ADS for follow-up.  Mother failed to follow through with ADS and was discharged for noncompliance.

{¶7}  Daughter HT and son HT were placed in therapeutic foster care on September 9, 2007.  Daughter HT returned to Mother's home in May, 2008.  Son HT remained in the foster home until February, 2009, because he needed additional time to medically stabilize and Mother was pregnant with CH.  During the separation, daughter HT and son HT visited one another three or four times per week.  All three children returned to the same foster home when they were removed from Mother's custody on August 14, 2009.  The children have adapted well and are bonded with their foster parents, whom they refer to as "dad" and "mom", as well as their foster siblings.  The children are extremely bonded to one another.

{¶8}  CSB retained Dr. Robin Tener, a clinical psychologist, to evaluate the impact separation of the siblings would have on each child's emotional well-being.  Dr. Tener found daughter HT to be a nurturing child who showed great responsiveness to the needs of her younger brothers.  The girl has a special bond with son HT whom she recognizes as having special needs.  Son HT is developmentally disabled and has a number of physical problems including difficulty breathing and swallowing.  The boy

must be fed through a G-tube. Because the child needs a great deal of attention, direction, external support, and guidance, Dr. Tener believed he would be extremely compromised without the constant attention of the foster parents. CH is developmentally on target and is bonded with his older siblings. Dr. Tener felt "very strongly" the children should stay together. Dr. Tener noted the strong bond between the three siblings as well as their strong bond with the foster family.

{¶9} Barbara Simmons, the paternal grandmother of daughter HT, has had a great deal of contact with the girl despite living one hundred-twenty miles away from the child. Mother and daughter HT lived with Simmons between December, 2005, and March, 2006. Simmons visited the girl after she was removed from Mother's care. Simmons is enrolled in classes to become a certified foster parent. She has physical custody of one grandchild and legal custody of another grandchild. Simmons only requested custody of daughter HT.

{¶10} Kenneth and Rebecca Thompson, the maternal grandfather and step-grandmother, have a close relationship with the children. Rebecca Thompson, a nurse's aide, completed training to enable her to care for the medical needs of son HT. Following their removal from Mother's care, Rebecca visited the children three or four times a week. Kenneth visited when his schedule permitted. CSB ultimately advised the Thompsons their home would not be considered as a placement due to Kenneth's criminal history as a convicted sex offender.

{¶11} The guardian ad litem recommended the trial court grant permanent custody of the children. The guardian opined the children needed permanency and should not be separated or removed from their current foster home. The CASA

advocate also recommended permanent custody be granted to CSB and that the children not be separated.

**{¶12}** Via Judgemnt [sic] Entry filed November 7, 2011, the trial court terminated Mother's parental rights, privileges, and obligations with respect to her minor daughter and sons, and granted permanent custody of the children to CSB.

**{¶13}** It is from this judgment entry Mother appeals, assigning as error:

**{¶14}** "I. THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT GUERNSEY COUNTY CHILDREN SERVICES BOARD FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT'S PARENTAL RIGHTS SHOULD BE TERMINATED."

**{¶15}** This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

**{¶16}** As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.

**{¶17}** R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody

of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

{¶18} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶19} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶20} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶21} If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

{¶22} As set forth in our statements of the facts and case, supra, Mother was unable to remedy the problems which caused the initial removal of the children from her custody. Mother was virtually noncompliant with her case plan. Mother did not appear at the permanent custody hearing. However, she had earlier advised the case worker she wanted the children to remain together, and if they could not be placed with the Thompsons, she wished for them to remain with their foster family. The testimony supported the trial court's decision not to place the children with the Thompsons especially since a domestic violence incident occurred in their home a few days prior to the hearing. Dr. Tener found the children to be bonded with one another and their foster family.

**{¶23}** Based upon the foregoing reasons and the entire record in this matter, we find the trial court's decision to grant permanent custody to CSB was not against the manifest weight of the evidence. Further, the trial court's decision to terminate Mother's parental rights was supported by clear and convincing evidence.

**{¶24}** Mother's sole assignment of error is overruled.

**{¶25}** The judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Edwards, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                          :
                                           :
H.T.                                       :
H.T.                                       :          JUDGMENT ENTRY
C.H.                                       :
                                           :          Case No. 11CA000039
ALLEGED DEPENDENT CHILDREN                 :

 

For the reasons stated in our accompanying Opinion, the judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is affirmed.  Costs to Appellant.

 

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS